IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PORCHEA MECHEL JACKSON, :

    Plaintiff,

v. : Case No. 3:16-cv-296

MAPLE DIPS, LLC, : JUDGE WALTER H. RICE

    Defendant. :

---

DECISION AND ORDER AWARDING PLAINTIFF $15,424.00 IN DAMAGES; SUSTAINING PLAINTIFF'S COUNSEL'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF COSTS (DOC. #10), AND AWARDING COUNSEL $5,260.00 IN FEES AND COSTS; JUDGMENT TO ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT; TERMINATION ENTRY

---

Plaintiff, Porchea Mechel Jackson, filed suit against her former employer, Maple Dips, LLC, alleging retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, and the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Chapter 4111.[1]  Doc. #1.  The Clerk entered default against Maple Dips, LLC, on December 8, 2016.  Doc. #5.  On December 19, 2016, the Court sustained Plaintiff's Motion for Default Judgment and set an evidentiary hearing on the question of damages.  Doc. 8.  A hearing was held on

---

[1] Plaintiff also alleged that Defendant failed to timely pay her for all hours worked.  Plaintiff withdrew these claims after Defendant provided her a check for her last week's wages.

February 22, 2017, at which Plaintiff appeared with counsel. Defendant did not appear.

I.  Plaintiff's Damages

At the hearing, Plaintiff testified that she began working at Maple Dips on April 5, 2016, for $8.10 per hour. She worked the 4:00 a.m. to 11:00 a.m. shift, and was scheduled to work approximately 28 hours per week. This allowed her to work her second job at Cashland from 12:00 p.m. until 7:00 p.m., where she earned $10.00 per hour, for approximately 35 hours each week. Plaintiff was terminated from Maple Dips on April 14, 2016, shortly after she challenged the store's policy of requiring her to clock out for each 10-15 minute break.

After she was terminated from Maple Dips, Plaintiff looked for another early morning job, but was unable to find one. She continued working at Cashland until November 29, 2016, but needed additional income. She therefore quit her job at Cashland and accepted a position at Daymont Behavioral Healthcare, earning $12.00 per hour, working 40 hours per week. She expects to earn an additional $1.00 per hour for each year she works there.

The FLSA makes it unlawful for any person "to discharge . . . any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter. . . " 29 U.S.C. § 215 (a)(3). The purpose of this section "is not merely to vindicate the rights of complaining parties, but to foster an environment in which employees are

2

unfettered in their decision to voice grievances without fear of economic retaliation." *Saffels v. Rice*, 40 F.3d 1546, 1549 (8th Cir. 1994) (internal quotation omitted). *See also Moore v. Freeman*, 355 F.3d 558, 563 (6th Cir. 2004) (holding that one of the purposes of the FLSA's retaliation provision is "to ensure that employees feel free to report grievances under the FLSA.").

The FLSA provides that any employer who retaliates against an employee for complaining about unlawful practices "shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Plaintiff is seeking back pay from April 14, 2016, the date of her termination, through November 29, 2016, the date she started working full-time at Daymont. Had she continued to work approximately 28 hours per week at $8.10 per hour ($226.00 per week) for 32 weeks, she would have earned $7,232.00 during this time period.

Plaintiff also seeks back pay from November 29, 2016, through December 19, 2016, when default judgment was entered. For this three-week time period, she requests the difference between what she would have made working at Maple Dips and Cashland (approximately $576.00 per week) and what she made at Daymont (approximately $480.00 per week), that difference being $96.00 per

week. This amounts to $288.00, bringing the total request for back pay to $7,520.00.

Given that Maple Dips has sold the business, reinstatement is not a viable option. Front pay may be awarded in lieu of reinstatement to make the plaintiff whole. *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1231 (7th Cir. 1995). Here, Plaintiff seeks front pay for a period of approximately two years to make up the difference between what she would have been making had she continued working her two jobs at Maple Dips and Cashland, and what she will make at Daymont.

More specifically, she seeks $96.00 per week from December 19, 2016, when the Court entered default judgment, until December 19, 2017, when she will presumably receive a $1.00 per hour raise. This comes to $4,992.00 ($96.00 x 52 weeks). After she receives that raise, the difference in pay will drop to $56.00 per week. She seeks $56.00 per week for the time period from December 2017 to December of 2018, when she will receive another raise, bringing her income in line with what she was making before she was terminated. This results in an additional $2,912.00 ($56.00 x 52 weeks), and brings her total front pay request to $7,904.00.

Given Plaintiff's testimony that she was unable to find another early morning job that would have allowed her to also continue working her second job at Cashland, the Court finds that a back pay award of $7,520.00, plus a front pay

4

award of $7,904.00, is necessary to make Plaintiff whole. Accordingly, the Court finds that Plaintiff is entitled to a total of $15,424.00.

The only remaining question is whether Plaintiff is also entitled to liquidated damages under the FLSA and, if so, in what amount. Although liquidated damages are required in connection with minimum wage and overtime violations, *see* 29 U.S.C. §216(b), they are discretionary in the context of retaliation claims. *Blanton v. City of Murfreesboro*, 856 F.2d 731, 737 (6th Cir. 1988).

Here, Plaintiff seeks liquidated damages in the amount of $7,520.00, equal to her back pay award.[2] Plaintiff, however, has offered no reason why the Court should exercise its discretion in favor of such an award. In the Court's view, under the facts of this case, an award of liquidated damages, *in addition* to the awards of back pay and front pay, is not necessary or appropriate to effectuate the purposes of the FLSA's anti-retaliation provision.

Notably, Plaintiff worked at Maple Dips for just nine days before she was terminated. It is not clear how long she would have been able to continue working 63 hours per week, at two different jobs. Although the Court has found that an award of back pay, plus two years of front pay, is necessary to make Plaintiff whole, an additional award of liquidated damages is not justified under these circumstances. Moreover, given that Maple Dips is no longer in business, an award of liquidated damages would have little deterrent effect on this particular

---

[2] Although Plaintiff initially also sought liquidated damages on her *front pay* award, counsel has informed the Court that she is withdrawing that request.

5

employer. For these reasons, the Court denies Plaintiff's request for liquidated damages.

## II. Attorney Fees and Costs

Plaintiff's counsel has also filed a Motion for an Award of Attorney's Fees and Reimbursement of Costs. Doc. #10. A prevailing plaintiff in an FLSA case is entitled to reasonable attorney fees and costs of the action. 29 U.S.C. §216(b). Plaintiff's counsel in this case seeks $4,860.00 in attorney fees, plus a $400.00 reimbursement for the court filing fee. He provided his services to Plaintiff on a contingent fee basis so that she could vindicate her rights under the FLSA.

According to his brief, and to the Declaration attached to his motion, counsel spent 16.2 hours drafting the complaint, researching the law, obtaining an entry of default and then default judgment, and representing Plaintiff at the damages hearing. The Court finds that the hours spent on these tasks were reasonable and necessary to obtain the result achieved.

Counsel seeks to be compensated at an hourly rate of $300.00. Based on counsel's education, skills and experience, as set forth in his declaration, the Court finds that $300.00 is a reasonable hourly rate, and is comparable to the hourly rates charged by local attorneys of similar background and experience.

Accordingly, the Court SUSTAINS Plaintiff's Counsel's Motion for an Award of Attorney's Fees and Reimbursement of Costs. Doc. #10. Plaintiff's counsel is

6

awarded $4,860.00 in attorney fees, plus $400.00 in costs, for a total of $5,260.00.

III. Conclusion

Based on the evidence presented at the hearing held on February 22, 2017, the Court finds that Defendant, Maple Dips, LLC, having retaliated against Plaintiff, Porchea Mechel Jackson, for exercising her rights under the FLSA, is liable to Plaintiff in the following amounts:

```
Back Pay:          $7,520.00
Front Pay:         $7,904.00
    TOTAL:        $15,424.00
```

Judgment shall be entered in favor of Plaintiff and against Defendant.

For the reasons set forth above, the Court SUSTAINS Plaintiff's Counsel's Motion for an Award of Attorney's Fees and Reimbursement of Costs, Doc. #10, and awards him a total of $5,260.00.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: March 14, 2017

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

8